## SCHMEIDER v. McLANE.

September, 1867.

*Affirming 36 Barb. 495.*

A violation of a municipal ordinance is not necessarily a felony or misdemeanor, within rule 28 of the Metropolitan Police Board, and will not justify the imprisonment over night, of a person charged therewith, but he should be taken immediately before a magistrate.

Reinold Schmeider sued B. B. McLane and one Duford, in the supreme court, for false imprisonment.

Schmeider *v.* McLane.

A policeman of the city of Brooklyn arrested plaintiff at half past five on the afternoon of February 21, 1861, in the act of riding his horse on a sidewalk, in violation of a city ordinance; and took him to the station house and gave him into the custody of the defendants, who were the captain and sergeant, respectively, of the district; and they locked him up until next morning, when he was taken before a magistrate, and after trial, fined and discharged on paying the fine.

The defendants relied on the facts that the usual hours during which the police courts were open were from 9 to 4, and on the following general rules of the police department:

" All persons arrested at any other time than during the time the police courts are directed to be kept open, must be taken to the nearest police station. § 15."

When a person accused of having committed a felony or misdemeanor, is brought to the station house, when the police courts are not open, the officer on duty, to whom the complaint is made, is only to ascertain from the party preferring it, that the act charged is a felony or other offense for which a person can lawfully be detained, and that there is reasonable ground for the complaint against the party accused. He will then enter the name of the prisoner on the blotter, and cause him to be detained in the station house until the next morning. He will also enter the name and address of the complainant and witnesses on the blotter, and take the necessary measures to insure their appearance before the magistrate in morning. § 28. (Note to the rule. Captains, sergeants, policemen or doormen are not authorized by law to discharge any prisoner from custody.)

Plaintiff recovered.

*The supreme court* held that a mere violation of a municipal ordinance was not a crime within the rule allowing detention, and affirmed judgment.

*H. B. Hubbard,* for defendants, appellants;—Cited *L.* 1854, p. 840, § 13, subd. 10; p. 885, § 20; *L.* 1860, p. 444, § 30; pp. 437, 453, §§ 9, 58; pp. 443, 453, §§ 26, 59; 3 *Wend.* 385; 1 *Hale P. C.* 587.

Schmeider *v.* McLane.

*James Emott*, for plaintiff, respondent;—Cited Holley *v.*
Mix, 3 *Wend.* 350; Metr. Police Act, *L.* 1860, c. 41, § 830;
§ 30; Williams *v.* Gleinster, 2 *B. & C.* 699; Wright *v.* Covert,
4 *B. & C.* 596; Broughton *v.* Jackson, 11 *Eng. L. & Eq.* 386;
Burke *v.* Bell, 36 *Maine,* 317; *Greenl. Ev.* §49, and cases cited.

BY THE COURT.—DAVIES, Ch. J. [Having stated the facts.]
—It did not clearly appear what the penalty prescribed by the
ordinance for its violation was, and it does not otherwise ap-
pear than by the fact that a fine was enforced for such viola-
tion upon the conviction of the offender. It may safely be
assumed therefore, that the penalty for the violation of the
ordinance was of a pecuniary character solely; if otherwise, it
was incumbent upon the defendants to have shown it.

[Further reference to the above facts, and remarks as to an
exception not passed on, are here omitted.]

No question is made as to the power of the metropolitan
police board to make and ordain the regulations already refer-
red to and quoted.

By section 28, a person accused of a *felony* or *misdemeanor,*
when the police courts are not open, is to be brought before
the captain of the police, and if he is satisfied that there is
reasonable ground for the complaint, he may cause the party
accused to be detained until the next morning, and it would be
the duty of the sergeant of the police, having charge of the
police station, to obey such order and detain the party accord-
ingly.

But it is to be observed that this authority is conferred only
in the event that the party accused is charged with the com-
mission of a felony or misdemeanor, and the captain shall be
satisfied, upon inquiry, that there is reasonable ground for the
charge. In no other event or contingency is the authority for
detention to be exercised. Now, there is not a scintilla of evi-
dence in this case that the plaintiff had committed a felony or
misdemeanor, or that he was charged with having committed
either. It appears the charge was that in the presence and
view of the complainant, Clark, he had violated an ordinance
of the common council of Brooklyn, by riding his horse upon
or across a sidewalk in that city. It nowhere appears, and we

are not at liberty to assume, that this act was either a felony or misdemeanor. If it had been, it was essential to the defendants to avail themselves of the immunity and protection afforded by these regulations of the metropolitan police board, and to have shown that the charge made against the plaintiff was a felony or misdemeanor. They had no legal right or authority to detain the plaintiff in the station house upon any other charge or complaint.

The charge of the judge at the trial was clearly correct, and the judgment should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.